**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| |
|---|
| GREAT LAKES REINSURANCE (UK)PLC, <br><br>    Plaintiff, <br><br>        v. <br><br> JOSE E. COLON, <br><br>    Defendant. |

Civ. No. 05-2125(PG)

**OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss the Complaint and in the Alternative Requesting a Stay of the Case. (Docket No. 13.)

On October 20, 2005, Plaintiff filed the above-styled and captioned suit seeking a declaratory judgment as to the rights and relationship of the parties under a marine insurance policy issued by Plaintiff on behalf of Defendant. Defendant is the owner of a vessel which sank in April of 2005. Plaintiff denied coverage for Defendant's loss claiming that the policy was cancelled *ab initio* and that the vessel was unseaworthy both at the time of the inception of the policy and at the time of the occurrence, all of which exclude coverage under the policy. Defendant counterclaims arguing that Plaintiff acted in bad faith, incurred in fraud, and failed to properly investigate and adjust the insured's claim in violation of the policy and the Puerto Rico Insurance Code.

Defendant moves to dismiss the complaint or in the alternative to stay the case pending resolution of the administrative proceedings it instituted before the Office of the Insurance Commissioner of the Commonwealth of Puerto Rico. Defendant fails, however, to further articulate its grounds for seeking dismissal. It is well-settled that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.... It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." King v. Town of Hanover, 116 F.3d 965, 970 (1st Cir.1997)(citations omitted). Indeed,"a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." Id. (and cases cited therein). Therefore, the

Civ. No. 05-2125 (PG)                                                     Page 2

Court addresses only Defendant's request to stay the case.

Defendant invokes the doctrine of primary jurisdiction[1]. He argues that the question before the Court is whether the administrative proceedings pending before the Office of the Insurance Commissioner warrants a stay of the proceedings.

The application of the doctrine of primary jurisdiction hinges on three factors: "(1) whether the agency determination lay at the heart of the task assigned the agency by [the legislature]; (2) whether agency expertise was required to unravel intricate, technical facts; and (3) whether, though perhaps not determinative, the agency determination would materially aid the court." Arroyo-Melecio v. Puerto Rican American Ins. Co., 398 F.3d 56, 73-74 (1st Cir.2005)(quoting P.R. Mar. Shipping Auth. v. Fed. Mar. Comm'n, 75 F.3d 63, 67 (1st Cir.1996) This "deference doctrine primarily serves as a means of coordinating administrative and judicial machinery." Mashpee Tribe v. New Seabury Corp., 592 F.2d 575, 580 (1st Cir.1979)(citing cases). The doctrine is "especially relevant in cases ... where courts are confronted with issues of fact arising under a complex regulatory scheme outside their normal experience." Locust Cartage Co. v. Transamerican Freight Lines, Inc., 430 F.2d 334, 339 (1st Cir.1970)(citing Far East Conference v. U.S., 342 U.S. 570, 574 (1952). Indeed, referring to the administrative agency is advisable when there is the need for uniformity of resolution under a regulatory scheme. Locust Cartage Co., 430 F.2d at 340. It follows then that "no reference to the agency is necessary when the issue turns on questions of law which have not been committed to agency discretion,... or when agency policy has already been clearly enunciated, ... or when the issue turns on questions of fact which are peculiar to the case and have no broader implications for the [agency's]

---

[1] The doctrine has occasionally been referred to under the label "primary jurisdiction", ... but the Court has not used the label in all its administrative deference cases. The problem, strictly speaking, is not one of jurisdiction. Indeed it comes into play only when both the court and the agency have jurisdiction over at least portions of the dispute. Rather the problem is one of harmony, efficiency, and prudence.

Mashpee Tribe v. New Seabury Corp., 592 F.2d 575, 581 (1st Cir.1979)(internal citation omitted).

Civ. No. 05-2125 (PG)                                                    Page 3

regulatory program." Id. (citations omitted). In sum, the doctrine of primary jurisdiction "should seldom be invoked unless a factual question requires both expert consideration and uniformity of resolution.". Id.; see also U.S. Public Interest Research Group v. Atlantic Salmon of Maine, LLC, 339 F.3d 23 (1st Cir. 2003)(decision whether to stay pursuant to primary jurisdiction doctrine usually depends on whether reference will advance sound disposition of court case and whether failure to refer will impair statutory scheme or undermine agency to which reference might be made); Com. of Mass. V. Blackstone Valley Elec.Co., 67 F.3d 981(1st Cir.1995)(referral required because it would also serve interest of national uniformity in regulation).

    Plaintiff argues that the Insurance Commissioner cannot make determinations regarding marine insurance policies, that he has no expertise on marine insurance policies, and that a determination by the Insurance Commissioner regarding the marine insurance policy would not materially aid the Court.

    Having carefully reviewed the parties' pleadings, we see no reason why the Court should stay the case. The issue before the Court is whether or not, pursuant to the terms of the insurance contract between the parties and the facts surrounding the loss of the vessel, Plaintiff has to pay Defendant for its losses.

    Although Defendant has filed a claim before the Insurance Commissioner, it does not preclude the Court from ruling on Plaintiff's complaint seeking a declaratory judgment. Indeed, although the agency has the authority to determine whether, as Defendant claims, Plaintiff acted in bad faith when it denied coverage, it is not a determination that lays at the heart of the tasks assigned to the agency.

    Furthermore, the determination of whether or not Defendant's loss is covered by the insurance policy does not require the agency's expertise. There are no intricate, complex or technical facts in need of unraveling. The parties contentions require that the Court do only what it does on a daily basis, make findings of fact and reach conclusions of law.

    Federal Courts ordinarily rule on issues of state law and state administrative regulations. Therefore, the fact that the Court will make a

Civ. No. 05-2125 (PG)                                                    Page 4

final determination pursuant to state laws and regulations does mean that it must refer the issue to the agency. Here, the Court's ultimate ruling will not undermine complex regulatory schemes or policies. The issues presented turn on questions of law which have not been committed solely to the agency's discretion and are not outside the Court's normal experience.

     Therefore, the Court DENIES Defendant's Motion to Dismiss and or to Stay the Case. (Docket No. 13.) The Court shall schedule a Status Conference.

     **IT IS SO ORDERED.**
     In San Juan, Puerto Rico, April 2, 2007.

                                                S/JUAN M. PEREZ-GIMENEZ
                                                U. S. DISTRICT JUDGE